# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY J. SCICCHITANO, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNIONTOWN POLICE DEPARTMENT; )<br>And CITY OF UNIONTOWN, )<br>)<br>Defendants. ) | Civil Action No. 17-976<br>Judge David Stewart Cercone/<br>Chief Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 1 |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (the "IFP Motion"), ECF No. 1, be denied.

### II. REPORT

Anthony J. Scicchitano ("Plaintiff") is currently incarcerated in the State Correctional Institution in Albion ("SCI-Albion"). Plaintiff sought leave to proceed in forma pauperis in order to file a civil rights complaint in this Court, naming as defendant both the Uniontown Police Department and the City of Uniontown for actions or inactions occurring in 2008 to 2009. ECF No. 1-1 ¶ IV.A; ECF No. 1-2 ¶ IV.A.

Plaintiff is a prisoner who previously filed several prisoner civil rights actions in federal court, which were dismissed as frivolous or for failure to state a claim upon which relief can be granted. As a consequence, he has acquired "three strikes," in contravention of 28 U.S.C. § 1915(g), and cannot proceed in forma pauperis ("IFP") in the present case. Nor does Plaintiff

come within the three strikes exception as the proposed Complaint fails to demonstrate that Plaintiff is in imminent danger of serious physical injury.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., No. Civ.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

In considering Plaintiff's pending IFP Motion, this Court takes judicial notice of court records and dockets of the federal courts located in the Commonwealth of Pennsylvania. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). A review of the electronic dockets of these courts reveals that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[1] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[2]

The three strikes that Plaintiff has accumulated are as follows. The first strike is

---

[1] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Scicchitano v. Cooke, No. 15-CV-552 (W.D. Pa. order dismissing complaint pre-service for failure to state a claim upon which relief can be granted, filed 8/3/2015 at ECF No. 16). The second strike is Scicchitano v. Uniontown Police Dept., No. 15-CV-1163 (W.D. Pa. order dismissing complaint for failure to state a claim upon which relief can be granted, filed 11/12/2015 at ECF No. 7). The third strike is Scicchitano v. Chestnut Ridge Counseling Services, No. 16-CV-53 (W.D. Pa. order dismissing complaint for failure to state a claim upon which relief may be granted, filed on 3/10/2016 at ECF No. 7). Accordingly, because Plaintiff has at least three strikes he may not proceed IFP, unless "the prisoner is under imminent danger of serious physical injury" as revealed by the complaint because imminent danger of physical injury must be assessed as of the time of filing the application for leave to proceed IFP and/or the complaint. See Abdul-Abkar v. McKelvie, 239 F.3d 307 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998)("The plain language of the statute [i.e., Section 1915(g)] leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.").

Given the allegations of the Complaint concerning the two defendants and their actions way back in 2008 to 2009, there is no imminent danger of serious physical injury.

Because Plaintiff has failed to carry his burden to show that he is in imminent danger of serious physical injury, which would permit him to proceed IFP, the IFP motion should be denied. If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee within a time certain or face dismissal of the Complaint for failure to prosecute.

## III. CONCLUSION

For the reasons set forth herein, it is recommended that the pending IFP Motion, ECF No. 1, be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                            Respectfully Submitted:

                                            /s/Maureen P. Kelly
                                            MAUREEN P. KELLY
                                            CHIEF UNITED STATES MAGISTRATE JUDGE

Date: July 28, 2017

cc:     The Honorable David Stewart Cercone
       United States District Judge

       ANTHONY J. SCICCHITANO, JR.
       KB-9484
       S.C.I. Fayette
       BC-2
       10745 Route 18
       Albion, PA 16475-0002